KARL GREEN, SYDNEY SELWYN AND ALFRED POMEROY, INDIVIDUALLY AND AS CO-PARTNERS, DOING BUSINESS AS SELWYN-POMEROY COMPANY, AND SAUL FISCHBEIN, PLAINTIFFS, v. THO-RO PRODUCTS, INC., A CORPORATION OF NEW JERSEY, HARRY SIMON, ARTHUR J. SIMON, EDWARD H. SIMON AND IRVING THOR, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided June 23, 1954.

*Messrs. Milton M. and Adrian M. Unger,* attorneys for plaintiffs.

*Mr. Max L. Rosenstein,* attorney for defendants.

GRIMSHAW, J. S. C.   This is a motion by the plaintiff Karl Green, who seeks an order directing the defendant

Tho-Ro Products, Inc. to re-employ him at the same salary and in the same position which he was enjoying at the time of his induction into the military service. He also seeks to add a supplement to the complaint, charging the defendant Tho-Ro Products, Inc. with failure to re-employ him, all in violation of the provisions of the Universal Military Training and Service Act of 1948, 50 *U. S. C., App., sec.* 459, 50 *U. S. C. A. Appendix,* § 459.

Green was honorably discharged from the military service on November 8, 1953. He applied to the defendant Tho-Ro Products, Inc. for reinstatement. Such ʻreinstatement was refused. He now seeks a summary order directing the defendant to re-employ him and a judgment awarding him salary at the rate of $100 per week, retroactive to November 16, 1953.

As I read the statute, I can find no justification for the contention that this court, or any other court, for that matter, can summarily direct an employer to reinstate a discharged veteran merely on a showing that the reinstatement has been refused. The statute provides that the veteran shall be restored to his former position "if still qualified to perform the duties of such position." And in subdivision (*d*) there is outlined the manner in which the matter shall be brought on for hearing and determination as to whether the person applying is entitled to the benefits of the statute. Obviously the employer is to be given an opportunity to justify, if he can, his refusal to re-employ the veteran.

Assuming for the purpose of this discussion that the court has jurisdiction to determine the right of Green to reinstatement and to compensation for lost wages, it is plain that there must be a separate proceeding brought, with reinstatement and compensation as its object. Such a proceeding has only the most remote connection with the present litigation. Its inclusion as a part of this litigation will only serve further to complicate matters without providing a corresponding benefit to the parties.

The motion will be denied.